UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT
FUND,

            Plaintiffs,

-against-

MIDWAY CAP COMPANY

            Defendant.

**COMPLAINT**

Plaintiffs, by their attorneys David C. Sapp and Jennifer Oh, complaining of Defendant Midway Cap Company (the "Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon the Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

## VENUE

3. Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## THE PARTIES

4.     Plaintiff National Retirement Fund ("Retirement Fund") is established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Retirement Fund. As such, the Retirement Fund is a "multiemployer plan," within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

5.     The Retirement Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.     Plaintiff Trustees of the Retirement Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Retirement Fund and Plan and disposition of Retirement Fund assets. As such, Plaintiff Trustees of the Retirement Fund are fiduciaries with respect to the Plan, within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Retirement Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

7.     Upon information and belief, at all relevant times herein, Defendant is an Illinois corporation having or having had its principal place of business at 4513 West Armitage Avenue, Chicago, Illinois 60639.

8.  Chicago and Midwest Regional Joint Board, Workers United (the "Union") is an unincorporated "employee organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, at all times material hereto, Defendant was a party to a Collective Bargaining Agreement with the Union ("Bargaining Agreement"), which obligated Defendant to make contributions to the Retirement Fund. Upon information and belief, employee benefit fund contributions to the Retirement Fund were and are due to be paid by Defendant.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

9.  Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

10. Upon information and belief, in or about 2016, as permitted by the Retirement Fund's Agreement and Declaration of Trust ("Trust Agreement") and ERISA, the Retirement Fund performed an audit of the books and records of Defendant for the period of January 1, 2012 through and including December 31, 2014. The audit revealed audit deficiencies of contributions to the Retirement Fund resulting from Defendant's failure to remit contributions on the appropriate amount of payroll, failure to remit contributions at the correct percentage of payroll, and failure to pay for part time employees. The audit revealed audit deficiencies totaling $7,522.60 due to the Retirement Fund, plus interest thereon through the date of the audit deficiency notice, in the amount of $1,918.55 and liquidated damages in the amount of $1,918.55. By the audit deficiency notice dated January 15, 2016 (Audit Bill No. 16R02) (the "Audit Deficiency Notice"), the Retirement Fund demanded payment of the outstanding balance. (A copy of the Audit Deficiency Notice is annexed hereto as Exhibit "A").

3

11. Audit deficiencies for contributions plus interest thereon and liquidated damages due to the Retirement Fund from Defendant for the period of January 1, 2012 through and including December 31, 2014 have not been paid and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Retirement Fund in the sum of $11,359.70 for the period stated, plus interest and liquidated damages on the principal amount of audit deficiencies from January 15, 2016, the date of the Audit Deficiency Notice, through the date of judgment, and attorneys' fees and costs.

12. No prior application has been made for the relief requested herein.

## AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

13. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "12" of this Complaint with the same force and effect as if set forth at length herein.

14. Upon information and belief, contributions to the Retirement Fund from Defendant in the amount of $472.95 for the month of March 2016 have not been made and are now due and owing. By reason therefore, Defendant is liable for contributions to Plaintiff Retirement Fund in the principal amount of $472.95 for the period stated herein.

15. Plaintiff Retirement Fund is entitled to collect interest on the outstanding delinquent contributions from Defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and the Retirement Fund's rules and regulations.

16. Plaintiff Retirement Fund is entitled to collect liquidated damages, attorneys' fees, and costs from Defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and the Retirement Fund's rules and regulations.

17. No prior application has been made for the relief requested herein.

4

## AS AND FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFF
## TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

18. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "17" of this Complaint with the same force and effect as if set forth at length herein.

19. The Retirement Fund's Trust Agreement provides that, "An Employer is deemed to have accepted and become bound by this Agreement and Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund." As Defendant has an obligation to contribute to the Retirement Fund and has, in the past, contributed to the Retirement Fund, Defendant has accepted and become bound by the Trust Agreement.

20. The Retirement Fund's Trust Agreement requires Defendant to remit monthly Pension Contribution Reconciliation Reports ("Contribution Reports") to Plaintiff Retirement Fund, which includes the employees' names, Social Security numbers, hours worked, paid hours, unpaid hours, vacation, sick leave, hire classifications, and such other information as the Trustees of the Retirement Fund may require for its sound and efficient operation and to ensure accurate pension service credits for participants in the Retirement Fund.

21. Upon information and belief, the Contribution Report required for the month of March 2016 has not been remitted to the Retirement Fund by Defendant and is now due and owing by Defendant to Plaintiff Retirement Fund. By reason thereof, Plaintiffs are entitled to an order and judgment requiring Defendant to remit the required Contribution Report to Plaintiff Retirement Fund for the period stated herein.

22. No prior application has been made for the relief requested herein.

## AS AND FOR A FOURTH CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

23. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "22" of this Complaint with the same force and effect as if set forth at length herein.

24. Defendant is now failing and, upon information and belief, will continue to fail to make contributions and to remit Contribution Reports to the Retirement Fund in accordance with the terms and conditions of the Retirement Fund's Trust Agreement and the Bargaining Agreement between Defendant and the Union unless restrained by the Court.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the Retirement Fund the principal sum of audit deficiencies in the amount of $7,522.60 as required by the January 15, 2016 Audit Deficiency Notice; and

b. Directing Defendant to pay to the Retirement Fund interest on the principal audit deficiency amount of $7,522.60 through the date of the January 15, 2016 Audit Deficiency Notice in the amount of $1,918.55 and interest on the principal amount of audit deficiencies from the date of the January 15, 2016 Audit Deficiency Notice to the date of judgment, computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B); and

c. Directing Defendant to pay to the Retirement Fund liquidated damages on the principal audit deficiency amount of $7,522.60, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C); and

d. Directing Defendant to pay to the Retirement Fund contributions for the month of March 2016 in the principal amount of $472.95; and

e.  Directing Defendant to pay to the Retirement Fund interest on the sum set forth in paragraph "(d)" herein, to be computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), and the Retirement Fund's rules and regulations; and

f.  Directing Defendant to pay to the Retirement Fund liquidated damages on the sum set forth in paragraph "(d)" herein, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), and the Retirement Fund's rules and regulations; and

g.  Directing Defendant to pay to the Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

h.  Directing Defendant to remit to the Retirement Fund the Contribution Report for the month of March 2016; and

i.  Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in remitting its contributions and Contribution Reports to the Retirement Fund, and ordering the Defendant to remit such contributions and Contribution Reports in accordance with the terms and conditions of the Retirement Fund's Trust Agreement, its rules and regulations and the Bargaining Agreement between Defendant and the Union; and

j.  Granting such other legal and equitable relief as the Court deems appropriate.

Dated: April 26, 2016
White Plains, New York

                                     **TRUSTEES OF THE NATIONAL
RETIREMENT FUND, Plaintiffs**

                                     By: _____
                                     David C. Sapp (DS 5781)
                                     Jennifer Oh (JO 1201)

                                     *Attorneys for Plaintiffs*

                                     Alicare, Inc., Fund Administrator
                                     333 Westchester Avenue
                                     North Building – 1st Floor
                                     White Plains, New York 10604
                                     Telephone: (914) 367-5243
                                     Facsimile: (914) 367-2243
                                     dsapp@amalgamatedlife.com
                                     joh@amalgamatedlife.com

# EXHIBIT A



**AliCare**
Third-Party Administrator

Floyd Zaremba
Audit Supervisor
333 Westchester Avenue
White Plains, NY 10604

P: 914 367-4223
F: 914 367-2223
Email: fzaremba@amalgamatedlife.com

January 15, 2016

Merle Sbertoli, P/R Manager
Midway Cap Company
4513 West Armitage Avenue
Chicago, IL 60639

Account #: 1012456
Bill#:  16R02
Period: 01/01/12-12/31/14
Amount:  $11,359.70

Dear Ms. Sbertoli:

Enclosed you will find a copy of our "Preliminary Summary of Audit Findings" for Benefit Funds. This is based on our audit of your firm's books and records for the period listed above. The amount due is attributable to the following:

- Firm paid on net P/R should be Gross P/R
- April 2012 thru August 2012 failed to remit for % of P/R
- Part time employees not paid

Below is the breakdown of the audit bill:

| National Retirement Fund | Total |
|---|---|
| Fund Due | $7,522.60 |
| Interest | 1,918.55 |
| Liquidated Damages (*) | 1,918.55 |
| Total Amount Due | $11,359.70 |

Unless the findings are disputed in writing within fifteen (15) days from the date of this letter, the findings will become final and payment will be due in full by the 15th of February, 2016.

(*) If payment is received within 30 days from the date of this letter, Liquidated Damages will be waived.

we work for working people

This Preliminary Summary of Audit Findings does not include payments in transit, amounts previously billed, including but not limited to: prior audit bills, billing shortages, related interest, late fees, liquidated damages or attorney fees.

In the unlikely event that subsequent evidence is produced, indicating that additional contributions are owed to the Fund within this audit period, the Fund reserves the right to reinvestigate and retroactively bill your account for cause.

Thank you for your anticipated cooperation regarding this matter, I can be reached at 914-367-4223

Sincerely,

*Floyd Zaremba*
Audit Supervisor


C: Daniel Quinn, Controller, Chicago & Midwest Regional Joint Board, Workers United
   David Sapp, Executive Director, Litigation Counsel
   Timothy Clark, Assistant Vice President, Collections Department

Alicare, Inc.
AUDIT FINDINGS

Page 1 of 1

BILL: 16R02

TO: Midway Cap Co.
4513 West Armitage Avenue
Chicago, IL 60639

Date: 01/15/16
Firm #: 1012456

Audit Period: 01/01/12 12/31/14
Remitted Thru: 12/31/14
Interest: 1.00% Per Month

| LINE # | DESCRIPTION | PERIOD FROM | PERIOD THRU | CHARGEABLE | REPORTED | NOT REPORTED | RATE | FUNDS DUE | INTEREST & LIQ. DAMAGES # OF MO. | INTEREST & LIQ. DAMAGES RATE | INTEREST & LIQ. DAMAGES DUE | TOTAL DUE FUNDS + INTEREST + LIQ. DAMAGES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Retirement (% of Payroll) | 01/01/12 | 08/31/12 | $ 149,408.74 | $ 35,358.00 | $ 114,050.74 | 1.36% | $ 1,551.09 | 39 | 0.39000 | $ 604.93 | $ 2,156.02 |
| 2 | " | 09/01/12 | 12/31/12 | $ 72,006.79 | $ 55,371.76 | $ 16,635.03 | 1.43% | 237.88 | 35 | 0.35000 | $ 83.26 | $ 321.14 |
| 3 | " | 01/01/13 | 08/31/13 | $ 144,786.18 | $ 100,537.80 | $ 44,248.38 | 1.43% | 632.75 | 27 | 0.27000 | $ 170.84 | $ 803.59 |
| 4 | " | 09/01/13 | 12/31/13 | $ 74,774.51 | $ 42,726.33 | $ 32,048.18 | 1.52% | 487.13 | 23 | 0.23000 | $ 112.04 | $ 599.17 |
| 5 | " | 01/01/14 | 08/31/14 | $ 140,452.86 | $ 94,787.87 | $ 45,664.99 | 1.52% | 694.11 | 15 | 0.15000 | $ 104.12 | $ 798.23 |
| 6 | " | 09/01/14 | 12/31/14 | $ 76,981.65 | $ 50,122.62 | $ 26,859.03 | 1.62% | 435.12 | 11 | 0.11000 | $ 47.86 | $ 482.98 |
| | Subtotal for (% of Payroll) | | | $ 658,410.73 | $ 378,904.38 | $ 279,506.35 | | $ 4,038.08 | | | $ 1,123.05 | $ 5,161.13 |
| 7 | Retirement (Per capita) | 01/01/12 | 08/31/12 | 87.00 | 72.00 | 15.00 | $ 29.74 | 446.10 | 39 | 0.39000 | $ 173.98 | $ 620.08 |
| 8 | " | 09/01/12 | 12/31/12 | 40.00 | 36.00 | 4.00 | 31.67 | 126.68 | 35 | 0.35000 | $ 44.34 | 171.02 |
| 9 | " | 01/01/13 | 08/31/13 | 92.00 | 65.00 | 27.00 | 31.67 | 855.09 | 27 | 0.27000 | $ 230.87 | 1,085.96 |
| 10 | " | 09/01/13 | 12/31/13 | 49.00 | 27.00 | 22.00 | 33.73 | 742.06 | 23 | 0.23000 | $ 170.67 | 912.73 |
| 11 | " | 01/01/14 | 08/31/14 | 87.00 | 64.00 | 23.00 | 33.73 | 775.79 | 15 | 0.15000 | $ 116.37 | 892.16 |
| 12 | " | 09/01/14 | 12/31/14 | 47.00 | 32.00 | 15.00 | 35.92 | 538.80 | 11 | 0.11000 | $ 59.27 | 598.07 |
| | Subtotal for (Per Capita) | | | 402.00 | 296.00 | 106.00 | | $ 3,484.52 | | | $ 795.50 | $ 4,280.02 |
| | Liquidated Damages on % of Payroll | 01/01/12 | 12/31/14 | | | | | | | | $ 1,123.05 | $ 1,123.05 |
| | Liquidated Damages on Per Capita | 01/01/12 | 12/31/14 | | | | | | | | $ 795.50 | 795.50 |
| | Subtotal for Liquidated Damages | | | | | | | | | | $ 1,918.55 | $ 1,918.55 |

Please issue check and mail with copy of this invoice to:

National Retirement Fund
PO Box 5426
WHITE PLAINS, NY 10602-5426

TOTAL FUNDS DUE $ 7,522.60

TOTAL INTEREST & LIQ. DAMAGES DUE $ 3,837.10

TOTAL FUNDS + INTEREST + LIQ. DAMAGES $ 11,359.70